United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60579
Summary Calendar

ISAAC MANUEL,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 528 561
--------------------

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Isaac Manuel, a native and citizen of Angola, petitions for
review of an order from the Board of Immigration Appeals (BIA)
summarily affirming the immigration judge's (IJ) decision to deny
his applications for asylum, withholding of removal, and
protection under the Convention Against Torture (CAT). Manuel
challenges the adverse credibility determination made by the IJ.
He contends that he has been the victim of persecution and that
he has a well-founded fear of future persecution and torture on
account of his religion and imputed political opinion. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maintains that he is eligible for asylum or, in the alternative, withholding of removal and relief under the CAT.

"Credibility determinations are given great deference." Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). This court "cannot substitute [its] judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations." Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Rather, "a credibility determination may not be overturned unless the record compels it." Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002) (footnote omitted).

The adverse credibility determination made by the IJ and the BIA is supported by substantial evidence. See Chun, 40 F.3d at 79. The record thus does not compel a credibility determination contrary to that of the IJ and the BIA. See Lopez De Jesus, 312 F.3d at 161. We also conclude that Manuel's arguments that the BIA erred in summarily affirming the IJ's decision are without merit. See 8 C.F.R. § 1003.1(e)(4) (describing summary affirmance procedure); Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003) (BIA's summary affirmance procedure does not violate due process).

Accordingly, Manuel's petition for review of the BIA's order is DENIED.